IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARLOS A. ROA,

        Petitioner,

v.

COREY FHUERE,

        Respondent.

Case No. 6:22-cv-01548-HZ

OPINION AND ORDER

Carlos A. Roa
14215108
Oregon State Penitentiary
2605 State Street
Salem, OR 97310-0505

    Petitioner, *Pro Se*

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 – OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Lane County convictions dated August 9, 2016. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## **BACKGROUND**

On September 26, 2015, Petitioner threatened Phillip Ingallinero with an assault rifle, prompting a witness to the confrontation to call the police. When law enforcement personnel responded to the scene, Petitioner engaged them in a gun battle. One of Petitioner's bullets struck a police officer, inflicting a serious but non-fatal wound. Officers ultimately took Petitioner into custody, and the Lane County Grand Jury charged him with Unlawful Use of a Weapon with a Firearm, three counts of Attempted Aggravated Murder with a Firearm, Assault in the First Degree with a Firearm, and two counts of Recklessly Endangering Another person. Respondent's Exhibit 102.

In the months leading up to Petitioner's trial date, he was adamant that he had done nothing wrong and would not consider a plea bargain. However, on the morning of trial, he told his trial attorney he might be willing to entertain a plea offer. The trial judge allowed the parties time to engage in plea negotiations that morning, and the State extended an offer which would require Petitioner to plead guilty to some offenses, the defense could argue for a 10-year sentence, and the prosecutor could advocate for a 20-year sentence. Respondent's Exhibit 115, pp. 13-18, 35-37. Petitioner rejected the plea offer, and his jury trial commenced that same day. The jury found Petitioner guilty on all counts, and the trial judge sentenced him to 420 months in prison.

Petitioner filed a direct appeal, but voluntarily dismissed the action. Respondent's Exhibits 106 & 107. He next filed for post-conviction relief ("PCR") in Marion County where he alleged that his trial attorney was ineffective for failing to aggressively pursue a plea bargain prior to the date set for trial, and for failing to adequately investigate issues related to mitigation at sentencing. Respondent's Exhibits 110 & 111. The PCR court denied relief on both of these claims. Respondent's Exhibit 129. Petitioner appealed, limiting his argument only to his claim that trial counsel failed to pursue a pretrial plea offer. Respondent's Exhibit 130. The State moved for summary affirmance on the basis that Petitioner had not offered any evidence which could support a finding that he was prejudiced by any deficient performance by counsel, thus the appeal did not present a "substantial question of law" under ORS 138.660. Respondent's Exhibit 131. Petitioner filed no opposition, and the Oregon Court of Appeals granted the State's motion. Respondent's Exhibit 132. The Oregon Court of Appeals denied Petitioner's subsequent motion for reconsideration, and the Oregon Supreme Court denied review. Respondent's Exhibits 134 & 136.

On October 14, 2022, Petitioner filed this 28 U.S.C. § 2254 habeas corpus case in which he presents the Court with four grounds for relief which are summarized here:

> **Ground One:** Trial counsel was ineffective for failing to pursue a plea offer prior to the start of trial;
>
> **Ground Two**: Trial counsel was ineffective for failing to ensure that Petitioner's decision to proceed to trial was knowing and voluntary;
>
> **Ground Three**: The PCR court and the Oregon Court of Appeals reached decisions that amounted to unreasonable applications of Supreme Court precedent in relation to Grounds One and Two; and
>
> **Ground Four**: The PCR court, Oregon Court of Appeals, and the Oregon Supreme Court all erred when they determined Petitioner

3 – OPINION AND ORDER

>had not been denied his rights to the effective assistance of counsel, due process, and equal protection.

Respondent asks the Court to deny relief on the Petition because: (1) with the possible exception of Ground One, Petitioner failed to fairly present his claims in state court thereby leaving them procedurally defaulted; (2) the Oregon Court of Appeals summarily affirmed the PCR court's decision as to Petitioner's Ground One claim on a state-law procedural basis, thereby constituting an independent and adequate ruling that did not explore the merits of the claim; and (3) even if Petitioner fairly presented his Ground One claim of attorney error, the state court decisions denying relief were not objectively unreasonable. Although Petitioner's supporting memorandum was due May 19, 2023, he has not filed such a brief with the Court.

## DISCUSSION

### I. Exhaustion and Procedural Default

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to

comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In this case, Petitioner voluntarily dismissed his direct appeal, thus he failed to fairly present any claim of trial court error. During his PCR appellate proceedings, he pursued only his Ground One ineffective assistance of counsel claim. Accordingly, Ground One is Petitioner's only fairly presented claim. Because the time for presenting any other claim to Oregon's state courts passed long ago, Grounds Two, Three, and Four are procedurally defaulted.[1]

Respondent maintains that although Petitioner fairly presented Ground One to Oregon's state courts, it is nevertheless procedurally defaulted because the Oregon Court of Appeals invoked a state procedural rule to dismiss the PCR appeal. A federal court is precluded from reviewing the merits of a claim when the state court has denied relief on the basis of an independent and adequate state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Vansickel v. White*, 166 F.3d 953, 957 (9th Cir.), *cert. denied*, 528 U.S. 965 (1999). A state procedural rule constitutes an "independent" bar only if it is not interwoven with federal law or dependent upon a federal constitutional ruling. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985); *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). A state procedural rule constitutes an

---

[1] With respect to the portion of Ground Three that contends the state court PCR decisions unreasonably applied clearly established federal law when resolving his Ground One claim, it constitutes argument and is not a procedurally defaulted claim.

adequate bar to federal court review if it was "firmly established and regularly followed" at the time it was applied by the state court. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

ORS 138.660 governs summary dismissal of appeals in Oregon and provides:

> In reviewing the judgment of the circuit court in a proceeding pursuant to [Oregon's PCR statutes], the Court of Appeals on its own motion or on motion of respondent may summarily affirm, after submission of the appellant's brief and without submission of the respondent's brief, the judgment on appeal without oral argument if it finds that no substantial question of law is presented by the appeal. Notwithstanding ORS 2.570, the Chief Judge of the Court of Appeals may deny or, if the petitioner does not oppose the motion, grant a respondent's motion for summary affirmation. A dismissal of the appeal under this section shall constitute a decision upon the merits of the appeal.

The State moved to dismiss Petitioner's PCR appeal pursuant to ORS 138.660 on the basis that Petitioner offered no declaration or testimony that he would have accepted a plea deal had the State offered it, thus he could not possibly establish the prejudice component of his ineffective assistance of counsel claim. Respondent's Exhibit 131. The Motion was unopposed, and the Oregon Court of Appeals granted it. Respondent's Exhibit 132. In this habeas proceeding, Respondent casts this as a decision that was independent of the federal ineffective assistance of counsel issue. However, the issue of whether Petitioner presented sufficient evidence in the PCR action to establish the prejudice component of his ineffective assistance of counsel claim does, in fact, go to the merits of the federal constitutional claim. Thus, in the context of this particular case, because the Oregon Court of Appeals' summary affirmance of the PCR court's decision was dependent on the prejudice inquiry stemming from the Sixth Amendment claim Petitioner presented, the procedural issue was not independent of federal constitutional question. This Court will therefore proceed to the merits of Ground One.

///

## II.   Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Twenty-eight U.S.C. § 2254(d)(2) allows a petitioner to "challenge the substance of the state court's findings and attempt to show that those findings were not supported by substantial evidence in the state court record." *Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012). A state court renders an unreasonable determination of the facts if it "plainly misapprehends or

7 – OPINION AND ORDER

misstates the record in making its findings or where the state court has before it, yet apparently ignores, evidence that supports petitioner's claim." *Andrew v. Davis,* 944 F.3d 1092, 1107 (9th Cir. 2019) (internal quotations omitted). A federal habeas court cannot overturn a state court decision on factual grounds "unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). This is a "'daunting standard—one that will be satisfied in relatively few cases,' especially because we must be 'particularly deferential to our state-court colleagues.'" *Hernandez v. Holland*, 750 F.3d 843, 857 (9th Cir. 2014) (quoting *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004)).

### III.   Analysis

Petitioner alleges that his trial attorney was constitutionally ineffective when he failed to pursue a plea offer prior to the day of trial. He contends that had counsel explored this option, he could have made a more informed decision as to whether to proceed to trial or accept a plea offer. In his Petition, Petitioner maintains that had counsel worked diligently to secure a plea offer of less than 35 years in prison, he would have accepted such an offer and foregone a trial.

The Court uses the general two-part test established by the Supreme Court to determine whether Petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether Petitioner can show "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. 86, 112 (2011) (citing *Strickland,* 466 U.S. at 693). To demonstrate prejudice in the context of this case, Petitioner must show that he would have accepted a plea offer had counsel secured one. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

During Petitioner's PCR proceedings, his trial attorney testified by deposition that Petitioner was adamant that he had not done anything wrong and would not entertain any plea offer. Respondent's Exhibit 122, p. 9. Counsel stated that on the morning of trial, Petitioner indicated to him that "he might want to consider a deal." Respondent's Exhibit 122, pp. 18. The prosecutor then offered that if Petitioner would plead guilty to certain charges, the defense could argue for a 10-year sentence while the prosecution would argue for a 20-year sentence. Respondent's Exhibit 115, p. 36; Respondent's Exhibit 122, p. 19. Petitioner refused the offer.

The PCR court denied relief on Petitioner's ineffective assistance of counsel claim as follows:

> Claim I, ineffective assistance of Trial Counsel for failure to "aggressively" pursue a negotiated plea, is denied based on Petitioner's failure to prove a factual basis for the claim. The Court finds Trial Counsel . . . credible. Trial Counsel reports that Petitioner was adamant he had done nothing wrong and refused any attempts at negotiation prior to trial. On the morning of trial, Petitioner indicated he might entertain a plea, and Trial Counsel obtained leave of the Court to delay the start of trial to approach the District Attorney about a plea. Understandbl[y], the State was not particularly interested in protracted negotiations the morning of trial, but did make an offer to Petitioner, which he refused. Trial Counsel was not ineffective and Petitioner is not able to show

9 – OPINION AND ORDER

> prejudice as he refused to negotiate and refused any offers made by the State.

Respondent's Exhibit 129, pp. 1-2. As discussed above, the Oregon Court of Appeals summarily affirmed the PCR court's decision on the basis that Petitioner had not carried his burden of proof on the prejudice component of his claim and, therefore, failed to present a substantial question of law pursuant to ORS 138.660.

In the absence of clear and convincing evidence to the contrary, the PCR court's credibility determination regarding trial counsel's deposition testimony is binding on this Court. *See* 28 U.S.C. § 2254(e)(1). Taking that testimony as true, and even assuming counsel's performance fell below an objective standard of reasonableness for failing to obtain a pretrial plea offer in the face of Petitioner's steadfast refusal to consider any such offer, Petitioner is not in a position to prove prejudice. Specifically, although he contends in his Petition that he would have accepted any plea offer that called for a prison sentence of less than 35 years, the record shows that he: (1) repeatedly expressed his refusal to admit any wrongdoing and unwaveringly rebuffed the notion of any plea up until the day of trial; and (2) refused to accept the State's day-of-trial plea offer that contemplated a potential prison sentence of between 10 and 20 years in prison. Because Petitioner would not have accepted a plea offer even if counsel had obtained one prior to the date set for trial, the state-court decisions denying relief his Ground One did not involve an unreasonable determination of the facts, nor did they unreasonably apply clearly established federal law. Habeas corpus relief is not warranted.

///

///

///

///

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

June 20, 2023
DATE

_____
Marco A. Hernandez
United States District Judge